**E-Filed 10/10/2006**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

SAN JOSE DIVISION

| GALLARDO v. BENNETT et. al. | Case Number C-06-3864 JF (PVT) |
|---|---|
| IN RE INTUIT INC.  DERIVATIVE LITIGATION. | ORDER[1] GRANTING MOTION TO APPROVE  LIAISON COUNSEL AND DENYING MOTION TO APPROVE LEAD COUNSEL AND TO APPOINT LEAD PLAINTIFF |
| | [re: docket no. 16] |

**I. BACKGROUND**

Plaintiff Don Gallardo ("Gallardo") filed a shareholder derivative action on behalf of Intuit, Inc. ("Intuit") on June 21, 2006 (represented by Schiffrin & Barroway LLP and Green Welling LLP ).  Plaintiff Beth Amado ("Amado") filed a similar shareholder derivative action on July 14, 2006 (Case Number C-06-4334 JF (PVT)) (represented by Schiffrin & Barroway LLP and Bramson Plutzik Mahler & Birhaeuser LLP).  On July 17, 2006, Amado moved for consideration as to whether the two cases were related.  The Court issued an order relating the

---

[1] This disposition is not designated for publication and may not be cited.

cases on July 28, 2006. On August 8, 2006, Amado, Gallardo, and Intuit stipulated to the consolidation of the two cases. The Court ordered the consolidation of the two cases on August 9, 2006.

Gallardo and Amado move for appointment of Gallardo as the lead plaintiff and approval of Schiffrin & Barroway LLP as lead counsel and Bramson Plutzik Mahler & Birhaeuser LLP as liaison counsel. Nominal defendant Intuit opposes the motion. No other counsel has moved for approval as lead or liaison counsel. The Court knows of no other derivative action plaintiffs, and no other plaintiff has moved for appointment as lead plaintiff.

The Court heard oral argument on October 6, 2006. For the reasons discussed below, the Court will grant the motion as to the approval of liaison counsel, but deny the motion without prejudice as to approval of lead counsel and appointment of a lead plaintiff.

## II. LEGAL STANDARD

### 1. Approval of Lead Counsel

Federal Rule of Civil Procedure 42(a) grants district courts the authority to consolidate "actions involving a common question of law or fact" and to "make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." The Second Circuit interpreted this rule in *MacAlister v. Guterma*, 263 F.2d 65 (2d Cir. 1958), holding that a district court may consolidate multiple derivative actions and appoint lead counsel for the consolidated plaintiffs. The Ninth Circuit followed *MacAlister* in *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759 (9th Cir. 1977), noting that "[t]he benefits achieved by consolidation and the appointment of general counsel, i.e. elimination of duplication and repetition and in effect the creation of a coordinator through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation." *Vincent*, 557 F.2d at 774 (citing *Guterma*, 263 F.2d at 69). However, *Vincent* does not address specifically the appointment of a lead plaintiff in a consolidated derivative action.

### 2. Appointment of Lead Plaintiff

Plaintiffs do not cite any Ninth Circuit cases or district court cases from within this circuit

2

Case No. C-06-3864 JF (PVT)
ORDER GRANTING MOTION TO APPROVE LIAISON COUNSEL AND DENYING MOTION TO APPROVE LEAD COUNSEL AND TO APPOINT LEAD PLAINTIFF
(JFLC1)

suggesting that appointment of a lead plaintiff is appropriate in a derivative action.[2] Relevant cases in the Ninth Circuit discuss the appointment of a lead plaintiff in the context of securities fraud class actions, not derivative actions. *See, e.g.*, *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002); *Bowman v. Legato Systems, Inc.*, 195 F.R.D. 655 (N.D. Cal. 2000).[3] Appointment of lead plaintiff in securities fraud cases is governed by the Private Securities Litigation Reform Act of 1995, Pub.L. No. 104-67 (1995). There is no analog with respect to derivative actions.[4]

Courts in other circuits have appointed lead plaintiffs in derivative actions where multiple plaintiffs contested the lead plaintiff role. *See e.g. Horn v. Raines*, 227 F.R.D. 1 (D.D.C. 2005) (holding that institutional plaintiffs are favored); *Wright v. Krispy Kreme Doughnuts, Inc.*, 232 F.R.D. 528 (M.D.N.C. 2005) (holding that the first to file was the most appropriate lead plaintiff); *Millman v. Brinkley*, 2004 WL 2284505 at *3 (N.D.Ga. 2004) (unpublished opinion) (appointing lead plaintiffs on the basis of: (1) continuous ownership of stock by the selected

---

[2] This Court noted the absence of Ninth Circuit authority suggesting that the appointment of a lead plaintiff might be appropriate in a derivative action in an order in *Koherly v. Boston*, Case No. C 05-4642 JF (PVT) (N.D. Cal. Feb. 2, 2006).

[3] Plaintiffs cite *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979), for the proposition that the first-to-file rule promotes efficiency. Motion 4. By citing this case in conjunction with *Wright*, Plaintiff appears to suggest that the Ninth Circuit adopted a rule similar to *Wright*'s. It did not. *Church of Scientology* construed the Freedom of Information Act, not the law of derivative actions. Its reference to the first-to-file rule belongs to a discussion of the comity principle and to the existence of concurrent litigation in the D.C. Circuit. *Church of Scientology* provides the general principle that the first-to-file rule promotes efficiency, but it does not provide a Ninth Circuit example of the appointment of a lead plaintiff in a derivative action.

[4] Plaintiffs provide the Court with two orders from within the Northern District of California which appoint lead and liaison counsel in consolidated derivative actions. *McKinney v. Beck*, Case No. C 06-3344 JW (N.D.Cal. June 14, 2006); *Eisenberg v. Coghlan*, Case No. C 06-3290 MMC (N.D.Cal. June 13, 2006) (Attached as Exh. B-C to Declaration of Robin Winchester in Support of Motion). Neither order appoints a lead plaintiff. The *Eisenberg* order refers to "the order designating the Lead Plaintiff," *Eisenberg* at 4, but plaintiff has not provided the Court with a copy of this order, and the Court did not find such an order in a review of the docket of the *Eisenberg* case. The Court understands these two orders as appointing lead *counsel* for the consolidated plaintiffs in the two cases.

3

Case No. C-06-3864 JF (PVT)
ORDER GRANTING MOTION TO APPROVE LIAISON COUNSEL AND DENYING MOTION TO APPROVE LEAD COUNSEL AND TO APPOINT LEAD PLAINTIFF
(JFLC1)

plaintiffs; (2) failure to file a verified complaint by another applicant for lead plaintiff; and (3) the strength of their lawyers' pleadings); *Dollens v. Zionts*, 2001 WL 1543524 at *5-6 (N.D.Ill. 2001) (unpublished opinion) (assessing: (1) the size of plaintiff's financial interest; (2) an institutional investor preference; (3) the quality of the pleading; (4) the vigorousness of prosecution of the lawsuits; and (5) attorney's fees).

### III. DISCUSSION

A.   Approval of Lead Counsel and Liaison Counsel

Intuit argues that the Court should deny the motion on the grounds that plaintiff's complaint is unverified and that plaintiff has failed to show that he can satisfy the continuous ownership requirement. Opposition 1-4. For the purposes of this motion, the Court considers only whether these alleged deficiencies show that plaintiff's counsel is unequipped to act as counsel for the consolidated plaintiffs.[5] The Court concludes that they do not. Schiffrin & Barroway LLP's experience litigating complex shareholder litigation will allow it to litigate this case proficiently. *See* Declaration of Robin Winchester in Support of Motion, Exh. A.

That said, the Court perceives no reason to appoint lead counsel in this case. Schiffrin & Barroway LLP acted as lead counsel on each of the two cases that the Court consolidated on August 9, 2006. Consolidated plaintiffs already have agreed that Schiffrin & Barroway LLP will act as lead counsel. The Court will not grant a motion for appointment of lead counsel when no other plaintiffs have brought a derivative suit and no other counsel claims the position of lead counsel.

The Court recognizes the efficiency resulting from appointment of a liaison counsel for consolidated plaintiffs, particularly because proposed lead counsel does not have an office in state. Different law firms acted as liaison counsel in each of the cases consolidated by the Court on August 9, 2006. Consolidated plaintiffs now agree that Bramson Plutzik Mahler &

---

[5] Defendant also raised jurisdictional issues at oral argument. The Court will not consider at this time whether the alleged deficiencies in Plaintiff's complaint are sufficient to merit dismissal of the complaint.

4

Birhaeuser LLP should serve as liaison counsel, and the Court is satisfied that Bramson Plutzik Mahler & Birhaeuser LLP has the capacity and experience to fill this role.

B.  Appointment of Lead Plaintiff

The Court does not perceive a reason to appoint a lead plaintiff among the consolidated plaintiffs.[6] Plaintiffs' counsel has not provided the Court with an example of such an appointment in a derivative action within the Ninth Circuit. Consolidated plaintiffs apparently have agreed to the present course of action, and the Court concludes that it need not formalize the relationship among the plaintiffs in the absence of a dispute between the plaintiffs or Ninth Circuit authority for such an appointment.

## IV. ORDER

1. Plaintiffs' motion for approval of lead counsel is DENIED.
2. Plaintiffs' motion for approval of liaison counsel is GRANTED. The Court hereby appoints Bramson, Plutzik, Mahler & Birkaeuser, LLP as liaison counsel.
3. Plaintiffs' motion for appointment of lead plaintiff is DENIED.

---

[6] Intuit has not asked the Court formally to consider whether consolidated plaintiffs fairly and adequately represent the interests of shareholders. This issue is governed by Federal Rule of Civil Procedure 23.1, which requires that a plaintiff bringing a derivative action must "fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." The Ninth Circuit has identified eight factors relevant to determining the adequacy of a plaintiff: (1) indications that the plaintiff is not the true party in interest; (2) the plaintiff's unfamiliarity with the litigation and unwillingness to learn about the suit; (3) the degree of control exercised by the attorneys over the litigation; (4) the degree of support received by the plaintiff from other shareholders; (5) the lack of any personal commitment to the action on the part of the representative plaintiff; (6) the remedy sought by plaintiff in the derivative action; (7) the relative magnitude of plaintiff's personal interests as compared to his interest in the derivative action itself; and (8) plaintiff's vindictiveness toward the defendants. *Larson v. Dumke*, 900 F.3d 1363, 1367 (9th Cir. 1990).

5

Case No. C-06-3864 JF (PVT)
ORDER GRANTING MOTION TO APPROVE LIAISON COUNSEL AND DENYING MOTION TO APPROVE LEAD COUNSEL AND TO APPOINT LEAD PLAINTIFF
(JFLC1)

1  DATED: October 10, 2006

                                    _____
                                    JEREMY FOGEL
                                    United States District Judge

Case No. C-06-3864 JF (PVT)
ORDER GRANTING MOTION TO APPROVE  LIAISON COUNSEL AND DENYING MOTION TO APPROVE LEAD COUNSEL AND TO APPOINT LEAD PLAINTIFF
(JFLC1)

1 | This Order has been served upon the following persons:

| | |
|---|---|
| Boris Feldman | boris.feldman@wsgr.com, ncarvalho@wsgr.com; bhickman@wsgr.com |
| Robert S. Green | CAND.USCOURTS@CLASSCOUNSEL.COM |
| Alan R. Plutzik | aplutzik@bramsonplutzik.com |
| Ignacio E. Salceda | isalceda@wsgr.com, rlustan@wsgr.com |
| Kathryn A. Schofield | kschofield@bramsonplutzik.com, mfogle@bramsonplutzik.com |
| Eric L. Zagar | ezagar@sbclasslaw.com |

Notice will be delivered by other means to:

Sandra G. Smith
Schiffrin & Barroway LLP
280 King of Prussia Road
Radnor, PA 19087

7

Case No. C-06-3864 JF (PVT)
ORDER GRANTING MOTION TO APPROVE LIAISON COUNSEL AND DENYING MOTION TO APPROVE
LEAD COUNSEL AND TO APPOINT LEAD PLAINTIFF
(JFLC1)